```
    N295phiC

1   UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK
2   ------------------------------x

3   UNITED STATES OF AMERICA,              New York, N.Y.

4             v.                           22 Cr. 138 (RA)

5   NEIL PHILLIPS,

6                  Defendant.

7   ------------------------------x

8                                          February 9, 2023
                                           12:15 p.m.
9

10  Before:

11                     HON. RONNIE ABRAMS,

12                                         U.S. District Judge

13

14                          APPEARANCES

15  DAMIAN WILLIAMS
         United States Attorney for the
16       Southern District of New York
    BY:  NOAH D. SOLOWIEJCZYK
17       THOMAS S. BURNETT
         Assistant United States Attorneys
18
    KAPLAN HECKER & FINK LLP
19       Attorneys for Defendant
    BY:  JENNA MINICUCCI DABBS
20       DAVID N. GOPSTEIN

21

22

23

24

25
```

1                    (Case called)
2              THE DEPUTY CLERK:  Counsel, please state your name for
3    the record.
4              MR. SOLOWIEJCZYK:  Good afternoon, your Honor.  Noah
5    Solowiejczyk and Thomas Burnett on behalf of the government.
6              THE COURT:  Good afternoon.
7              MS. DABBS:  Good afternoon, your Honor.  Jenna Dabbs
8    from Kaplan Hecker & Fink for Mr. Phillips who has joined on
9    the line thanks to the logistics of the Court.  And, I am
10   joined at counsel table by my colleague David Gopstein.
11             THE COURT:  Good afternoon to both of you.
12             Mr. Phillips, can you hear me?  This is Judge Abrams.
13             THE DEFENDANT:  Your Honor, I can hear you very well.
14   Thank you very much.
15             THE COURT: OK.  Good.
16             As an initial matter, I want to note that Ms. Dabbs
17   and I worked together at the U.S. Attorney's office.  I
18   consider her a friend, I see her socially from time to time,
19   although I will not do so during the course of this case, but I
20   did want to note that for the record.
21             So, at the request of counsel Mr. Phillips is
22   proceeding remotely so I just want to just confirm,
23   Mr. Phillips, that you are consenting to proceed remotely but,
24   of course, you have a right to be in court, in person, for this
25   proceeding.

1          Do you understand that?

2          THE DEFENDANT: I understand it very well. I have
3 discussed it with my lawyers and I am very comfortable. Thank
4 you very much.

5          THE COURT: All right. I also just want to let you
6 know that if at any time you would like to speak with your
7 attorney, let us know, we can take a break, you can do that
8 privately, and then we will come back in to court. All that
9 said, all we are really going to do today is just do some
10 scheduling.

11         So, Mr. Phillips was presented and arraigned before
12 Magistrate Judge Netburn on January 5th. He pled not guilty,
13 bail was set. The indictment charges Mr. Phillips with
14 conspiracy to commit commodities fraud, commodities fraud,
15 conspiracy to commit wire fraud, and wire fraud, and the
16 indictment also contains a forfeiture allegation.

17         Why don't I turn to the government. What is the
18 status of discovery? What does it entail?

19         MR. SOLOWIEJCZYK: Yes, your Honor.

20         So, we have already begun producing discovery, we
21 submitted a protective order to your Honor late last week which
22 your Honor signed. Discovery is going to be relatively
23 voluminous, it will include search warrant returns. It is also
24 going to include records from various financial institutions
25 and other third-parties, some returns that were obtained

1  through MLATs, some materials provided by the Commodities
2  Futures Trading Commission, and then some certain materials
3  from Glen Point including some audio recordings which we are
4  working on dealing with the technical aspects of that.  I
5  think, all told, it is probably -- I looked before this
6  conference, I think it is in the neighborhood of a million
7  records in total, but that's obviously not to say that all of
8  those records are going to be something that are super
9  relevant.  We have already produced some discovery including
10 the search warrant affidavits and we planned early next week to
11 produce the responsive search warrant take and then to keep
12 rolling productions from there, but we anticipate being able to
13 complete discovery, I think substantially all of it within 30
14 days, and probably there may be a few dribs and drabs past
15 that, but we are expecting everything we have will be in their
16 hands within 30 days.
17         THE COURT:  Thank you.
18         Ms. Dabbs, from your perspective, what would you like
19 to do next?  Do you want to schedule another conference
20 allowing yourself time to review that discovery?  Do you want
21 to set a trial date?  Do you want to set a motion schedule?
22 What is your preference?
23         MS. DABBS:  Your Honor, I think today we would like
24 to, with the Court's permission, set a motion schedule and also
25 set a trial date.  We have discussed both with the government,

1  we appreciate that the discovery is voluminous, but we have, of
2  course, taken that into account and started working through
3  what we have received.
4             THE COURT:  All right.
5             MS. DABBS:  We do anticipate filing motions in this
6  case and so we would hope to set a motion schedule and a trial
7  date.  And I said, we did discuss it with the government, I am
8  happy to lay out for the Court what we had in mind that I think
9  is agreeable to both parties.
10            THE COURT:  Please.
11            MS. DABBS:  We were hoping for a schedule, your Honor,
12 where the defense would be filing dispositive motions on April
13 28th, that the government's opposition would be due May 26th,
14 and reply briefing would be due June 9th.  We do think that
15 that's going to give us adequate time, even with the voluminous
16 discovery given what the government has represented about a
17 production timeline.
18            THE COURT:  Is that agreeable to the government?
19            MR. SOLOWIEJCZYK:  Yes, it is, your Honor.
20            THE COURT:  That's fine with me, so that will be the
21 schedule on motions.
22            Have the parties discussed possible trial dates?
23            MS. DABBS:  We have talked about a couple of months in
24 particular, Judge, that both parties would be amenable to,
25 specifically we have talked about setting a trial date in

N295phiC

1   October or November of this year, to the extent it is possible
2   for the Court.
3           THE COURT:  How long do you anticipate the trial will
4   last?
5           MR. SOLOWIEJCZYK:  One moment, your Honor?
6           THE COURT:  Sure.
7           (Counsel conferring)
8           MR. SOLOWIEJCZYK:  We think about two weeks, your
9   Honor.
10          THE COURT:  Why don't we set it for October?  October
11  9th is a holiday, we can start it on the 10th, or we can start
12  it on the 16th.  I am also available November.  Whatever is
13  preferable to the parties.
14          MS. DABBS:  Your Honor, either of those dates would
15  work for the defense and, all things being equal, we would
16  request the earlier date, assuming it's possible for the
17  government.
18          MR. SOLOWIEJCZYK:  That date is good for the
19  government, your Honor.
20          THE COURT:  I actually think, looking at my calendar,
21  if it is agreeable to the parties, why don't we start on the
22  16th, but then why don't we schedule a final pretrial
23  conference for the week of the 10th.  OK?  So why don't we
24  schedule a final pretrial conference at 2:00 p.m. on Wednesday,
25  the 11th.  Does that work for everyone?

1     MR. SOLOWIEJCZYK:  That works for the government.

2     MS. DABBS:  That's fine for the defense, Judge.

3     THE COURT:  And then what I would like -- and I will
4  issue an order to this effect -- I would like all the pretrial
5  submissions that are due consistent with my rules, request to
6  charge, questions for voir dire, any *in limine* motions, to be
7  due two weeks prior though that date, so the 27th of September;
8  and then any responses to any of those submissions like a
9  motion *in limine*, I would like submitted one week in advance so
10 by October 4th; and then one week later we will have our final
11 pretrial conference that I just noted at 2:00 p.m., and then we
12 will start the trial at 10:00 a.m. on Monday the 16th.

13    Is the government moving to exclude speedy trial time
14 until the date of the trial on the 16th?

15    MR. SOLOWIEJCZYK:  Yes, your Honor.  We would move to
16 exclude time under the Speedy Trial Act, it would be in the
17 interests of justice to do so to allow the defense to review
18 discovery, consider any motions they may want to file, and
19 prepare for trial.

20    MS. DABBS:  No objection, your Honor.

21    THE COURT:  OK.  Speedy trial time will be excluded
22 through October 16th pursuant to 18, United States Code,
23 Section 3161(h)(7)(A).  I find that the interests of the public
24 and the defendant in a speedy trial are outweighed because it
25 will allow time for the parties to brief the motions that we

1    have discussed, to review the discovery, to discuss any
2    possible disposition of the case, and to prepare for trial.
3             Are there any other applications at this time?  From
4    the government?
5             MR. SOLOWIEJCZYK:  Not from the government.
6             THE COURT:  From the defense?
7             MS. DABBS:  None from the defense.
8             THE COURT:  OK.  Thank you.  We are adjourned.
9             Let me just ask, Mr. Phillips, were you able to hear
10   and understand everything that happened in this proceeding?
11            THE DEFENDANT:  Yes, your Honor.  I was.
12            THE COURT:  All right.  Thank you.  We are adjourned.
13                                 o0o