

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

September 25, 2023

**BY ECF**

Hon. Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re:    *United States v. Neil Phillips*, 22 Cr. 138 (LJL)

Dear Judge Liman:

    The Government respectfully submits this letter to inform the Court and the defense that it does not intend to proceed at trial on Counts Three and Four of the Indictment.

    Counts Three and Four of the Indictment charge the defendant with conspiring to commit, and committing, wire fraud. As the Court is aware, the gravamen of those offenses is that the defendant directed Glen Point to notify its counterparties that the option at issue in this case (the "Option") had been triggered but withheld from those counterparties the fact that the defendant's manipulative trading had caused the Option to trigger. The defendant's half-truth was materially misleading because Glen Point, as a "calculation agent" under the Option, had an obligation to determine the occurrence of a barrier event "in good faith and in a commercially reasonable manner."

    The Government stands behind the allegations of the Indictment and its characterizations of the anticipated trial proof during the motion to dismiss litigation. The Government believes that it could adduce evidence sufficient to support a guilty verdict on Counts Three and Four. But the Government acknowledges that the jury and the Court may well find otherwise. Accordingly, to streamline the trial and to avoid protracted Rule 29 litigation, the Government will ask that the jury be charged only on Counts One and Two of the Indictment.

    As for Counts One and Two, which charge commodities fraud, the Government intends to present proof and argument that the defendant is guilty, because he manipulated the dollar/rand market to trigger the Option, as alleged in the Indictment. The Government does not intend to argue that, by virtue of its role as a calculation agent, Glen Point's failure to include information about its manipulative trading in its notifications about the barrier event was a misleading statement or fraudulent omission. The Government does, however, reserve the right to introduce evidence that the defendant did not tell others about his manipulative trading as evidence of, among other things, his wrongful and manipulative intent, his consciousness of guilt, and as proof that his

actions were not "fully disclosed" to the market. *Set Captal LLC v. Credit Suisse Grp. AG*, 996 F.3d 64, 77 (2d Cir. 2021).

        Respectfully Submitted,

        DAMIAN WILLIAMS
        United States Attorney

by: _____
        Thomas S. Burnett
        Kiersten A. Fletcher
        Andrew Thomas
        Assistant United States Attorneys