USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/16/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-v-

NEIL PHILLIPS,

Defendant.

22-cr-138 (LJL)

MEMORANDUM AND ORDER

LEWIS J. LIMAN, United States District Judge:

Defendant Neil Phillips ("Defendant") moves, pursuant to Federal Rule of Criminal Procedure 6(e)(3)(E), for the Court to either disclose or conduct an *in camera* review of the instructions given to the grand jury. Dkt. No. 57 at 23; Dkt. No. 58 at 1–2. Defendant contends that the Government's proposed petit jury charge on the elements of commodities fraud is "incorrect as a matter of law" and "[i]t stands to reason that the government presented the grand jury with the same instructions it seeks for trial." Dkt. No. 57 at 25. Defendant also avers that the Government may not have instructed the grand jury on extraterritoriality and that a failure to do so would constitute error. *Id.* at 24. The Court heard oral argument on Defendant's motion on October 16, 2023. At oral argument, the Government retorted that a dispute over petit jury instructions is insufficient to show a particularized need for secret grand jury materials. For the following reasons, Defendant's motion is denied.

A court may authorize the disclosure of grand jury materials "preliminary to or in connection with a judicial proceeding," or "at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." Fed. R. Crim. P. 6(e)(3)(E). "It is settled law that grand jury proceedings are accorded a presumption of regularity." *United States v. Lesane*, 2023 WL 155538, at *9 (S.D.N.Y. Jan. 13,

2023) (quoting *United States v. Helbrans*, 547 F. Supp. 3d 409, 434 (S.D.N.Y. 2021)). Accordingly, "a defendant seeking disclosure of grand jury minutes has the burden of showing a 'particularized need' that outweighs the default 'need for secrecy' in grand jury deliberations." *United States v. Forde*, 740 F. Supp. 2d 406, 413 (S.D.N.Y. 2010) (quoting *United States v. Moten*, 582 F.2d 654, 662 (2d Cir. 1978)); *see also United States v. Chambers*, 2019 WL 1014850, at *2 (D. Conn. Mar. 4, 2019). That requirement also "extends to legal instructions given to the grand jury." *United States v. Bergstein*, 2017 WL 1750392, at *3 (S.D.N.Y. May 3, 2017) (quoting *United States v. Jailall*, 2000 WL 1368055, at *2 (S.D.N.Y. Sept. 20, 2000)). And it "applies equally to a defendant's request for the court to conduct *in camera* inspection of grand jury transcripts." *United States v. Smith*, 105 F. Supp. 3d 255, 261 (W.D.N.Y. 2015) (quoting *United States v. Laster*, 2007 WL 3070599, at *1 (S.D.N.Y. Oct. 19, 2007)).

"[T]he government is under no obligation to provide the grand jury with legal instructions." *United States v. Monzon-Luna*, 2014 WL 223100, at *1 (E.D.N.Y. Jan. 21, 2014). But "while the Government need not instruct the Grand Jury on the pertinent law, error may arise if the Government endeavors to instruct but does so incompletely or erroneously." *United States v. Kasper*, 2011 WL 7098042, at *7 (W.D.N.Y. June 20, 2011). In that instance, doubts may arise as to whether the grand jury performed its essential function to determine whether there was probable cause as to each of the elements of the charged offense. *See Monzon-Luna*, 2014 WL 223100, at *1; *United States v. Peralta*, 763 F. Supp. 14, 21 (S.D.N.Y. 1991). To warrant dismissal of the indictment, however, "errors in the grand jury proceeding [must have] prejudiced the defendant by 'substantially influenc[ing] the grand jury's decision to indict' or by creating 'grave doubt that the decision to indict was free from such substantial influence.'" *United States v. Stein*, 429 F. Supp. 2d 633, 639 (S.D.N.Y. 2006) (quoting *Bank of Nova Scotia*

*v. United States*, 487 U.S. 250, 255–56 (1988)); *see also Monzon-Luna*, 2014 WL 223100, at *2 ("In the absence of prejudice, however, courts will not dismiss an indictment, even if the prosecutor's instructions were erroneous.").

"[M]ere speculation that . . . the Government may have improperly instructed the grand jury . . . falls far short of the showing to overcome the presumption of secrecy." *United States v. Hunt*, 534 F. Supp. 3d 233, 259 (E.D.N.Y. 2021) (quoting *Forde*, 740 F. Supp. 2d at 414); *see also Bergstein*, 2017 WL 1750392, at *3; *Jailall*, 2000 WL 1368055, at *3.

Defendant's motion for disclosure or *in camera* review of the grand jury instructions rests on a combination of, at most, harmless error and speculation. The Court concluded that the Government's proposed petit jury instruction on commodities fraud was inaccurate in its characterization of the requisite intent to show market manipulation and incomplete in its omission of the need to show materiality to defraud the alleged victim. The Court has concluded that the Government must show that defendant would not have engaged in the trades at issue "*but for* the manipulative intent," in order to show market manipulation. *SEC v. Masri*, 523 F. Supp. 2d 361, 372 (S.D.N.Y. 2007). The Court also has concluded that, because the Indictment charges a scheme to defraud the counterparties to the one-touch barrier option and the alleged market manipulation in the spot foreign exchange market was a means to that fraud and not a crime in and of itself, the Government must prove that the scheme was material to the counterparties to the option contract. The change in the definition of intent is "incremental." *United States v. Hoey*, 2014 WL 2998523, at *3 (S.D.N.Y. July 2, 2014). The Government was not required to anticipate and present Defendant's argument that there was an additional, legitimate motive for the trades to the grand jury; that is a defense that has only been proffered pretrial. And "the prosecutor is not obligated to present all possible defenses before a grand

jury." *United States v. Romano*, 706 F.2d 370, 374 (2d Cir. 1983); *see also United States v. Connolly*, 2019 WL 2120022, at *4 (S.D.N.Y. May 2, 2019); *United States v. Rubbish Removal, Inc.*, 1985 WL 1605, at *7 (N.D.N.Y. Apr. 11, 1985). In any event, the grand jury found probable cause regarding the facts that would establish the first element of market manipulation. The Indictment charges, and the grand jury thus necessarily found, that the Defendant "engaged in [the alleged] USD/ZAR spot transactions for the purpose of intentionally and artificially driving the USD/ZAR exchange rate below the threshold level set by the barrier options contract in order to trigger the $20 million payment and defraud the counterparties to the options contract." Dkt. No. 2 ¶ 2. Nor is there any reason to believe the grand jury was misinstructed on whether it had to find that the scheme was one to defraud the counterparties to the one touch barrier option contract or just the participants in the foreign exchange spot market. The grand jury found that the scheme was one to "defraud the counterparties to the options contract," *id.*, and that Defendant's trades "defraud[ed] the parties to the $20 Million One Touch Option." *Id.* ¶ 25. Assuming that the Government omitted an instruction that the counterparties had to have been defrauded or that the grand jury had to find that the intent behind the trades was manipulative, any error would be harmless and would not have prejudiced the Defendant. *See Monzon-Luna*, 2014 WL 223100, at *2.

Finally, Defendant's assertion that "it appears likely that [the Government] did not inform the grand jury" on extraterritoriality, Dkt. No. 57 at 25, rests entirely upon speculation. If the Government is not required to give the grand jury instructions at all, it is not clear that it is required to give the grand jury instructions on extraterritoriality. Defendant's "conjectures and suspicions of what may have transpired during the Grand Jury proceedings" are insufficient to establish a particularized need to review the grand jury instructions. *United States v. Scali*, 2018

WL 369195, at *3 (S.D.N.Y. Jan. 9, 2018), *aff'd*, 820 F. App'x 23 (2d Cir. 2020); *see also Hunt*, 534 F. Supp. 3d at 259 ("These allegations ultimately amount to mere speculation that the Government 'potentially' gave a misleading instruction to the grand jury.").

There is no evidence of Government misconduct in front of the grand jury or that the grand jury's independence was undermined. *See Stein*, 429 F. Supp. 2d at 639.

Defendant has failed to demonstrate a particularized need for the grand jury instructions. *See Hunt*, 534 F. Supp. 3d at 259; *United States v. Chastain*, 2022 WL 13833637, at *3 n.5 (S.D.N.Y. Oct. 21, 2022). The Court therefore denies his motion for disclosure or *in camera* review of those instructions.

**CONCLUSION**

Defendant's motion to either disclose or conduct an *in camera* review of the instructions given to the grand jury, Dkt. No. 57; Dkt No. 58, is DENIED. The Clerk is respectfully directed to close Dkt. No. 58.

SO ORDERED.

Dated: October 16, 2023
New York, New York

LEWIS J. LIMAN
United States District Judge