**KAPLAN HECKER & FINK LLP**

350 FIFTH AVENUE | 63RD FLOOR
NEW YORK, NEW YORK 10118

1050 K STREET NW | SUITE 1040
WASHINGTON, DC 20001

TEL (212) 763-0883 | FAX (212) 564-0883

WWW.KAPLANHECKER.COM

DIRECT DIAL      212.763.0889
DIRECT EMAIL    shecker@kaplanhecker.com

May 29, 2024

**BY CM/ECF**

The Honorable Lewis J. Liman
United States District Judge
500 Pearl Street, Room 701
New York, NY 10007
LimanNYSDChambers@nysd.uscourts.gov

Re:    *United States v. Neil Phillips*, 22 Cr. 138 (LJL)

Dear Judge Liman:

We respectfully submit this letter to briefly respond to three issues raised in the government's sentencing submission.

*First*, the government's argument that Morgan Stanley "recouped" a $20 million loss is factually and legally incorrect. (Gov. Sentencing Ltr. at 8, 10.) As a matter of standard practice, Morgan Stanley hedged before the Option triggered and before it made a $20 million payment. It hedged in order to mitigate or prevent a loss. And it was successful in doing so. Morgan Stanley's hedges were not "hypothetical" (*id.* at 9), but what actually happened.[1]

At bottom, the government's position is that (i) actual loss is *always* the full notional value of a triggered option, and (ii) intended loss is *always* the full notional value of an option, regardless of whether it triggered. This myopic view of loss ignores market realities and the facts of this case, where there is no dispute that the actual Option at issue always had intrinsic value, which was, in fact, close to the full notional value before it triggered.

*Second*, the government's argument that Morgan Stanley passed on its loss to the counterparties of its hedges in the spot market is both unfounded and illogical. As a preliminary matter, it requires a finding that Glen Point and Mr. Phillips were victims – a position we assume the government does not intend to advance. This is so, because Glen Point, via Nomura, was the main counterparty to Morgan Stanley's Boxing Day spot trades; Glen Point bought the rand that Morgan Stanley sold.[2] Moreover, there is simply no evidence as to whether the counterparties to

---

[1] (*See* Tr. 1003-09; DX-2018-19; DX-2022; *see also* GX-629; DX-2056.)
[2] (*See* DX-2018-19.)

KAPLAN HECKER & FINK LLP

Morgan Stanley's hedges gained or lost money on those trades – let alone anything that approaches a $20 million loss.

*Third*, the spoofing cases that the government cites as comparable – and therefore a basis for arguing that a sentence of less than one year and one day would create an *unwarranted* disparity – are anything but. Those cases involved thousands of trades over extended periods of time;[3] billions of dollars of false orders;[4] numerous counts of convictions (12 for Coscia and 7 for Chanu);[5] false signals to participants in regulated markets headquartered in the United States;[6] a trading technique that Congress explicitly prohibited in the CEA;[7] defendants who were not incarcerated upon arrest;[8] and defendants who did not have the unique personal circumstances and characteristics of Mr. Phillips. That both spoofing cases and this case involved trading and violations of the CEA does not make them similar. And they are plainly not. Mr. Chanu (and his co-defendant) received a sentence of one year and one day. And so to avoid unwarranted disparities when compared to those cases, Mr. Phillips should be sentenced to time served, with credit for the time he has already spent incarcerated, in terrible conditions, in Spain.

Dated: May 29, 2024

Respectfully submitted,

_____
Sean Hecker
Jenna M. Dabbs
David Gopstein
Anne Yearwood
KAPLAN HECKER & FINK LLP
350 Fifth Avenue, 63rd Floor
New York, New York 10118
Telephone: (212) 763-0883
shecker@kaplanhecker.com
jdabbs@kaplanhecker.com
dgopstein@kaplanhecker.com
ayearwood@kaplanhecker.com

*Attorneys for Neil Phillips*

---

[3] Gov't Sentencing Mem. at 1, 25-26, *United States v. Chanu*, No. 18-CR-35 (N.D. Ill. May 21, 2021), ECF 383 ("Chanu"); Gov't Sentencing Mem. at 8, *United States v. Coscia*, No. 14-CR-441 (N.D. Ill. Jul. 6, 2016), ECF 157 ("Coscia").
[4] Chanu at 1, 25-26; *see* Coscia at 8; *United States v. Coscia*, 866 F.3d 782, 788 (7th Cir. 2017).
[5] *United States v. Chanu*, 40 F.4th 528, 538 (7th Cir. 2022); *Coscia*, 866 F.3d at 790.
[6] Chanu at 1-2; Coscia at 8.
[7] *Chanu*, 40 F.4th at 534-35; *Coscia*, 866 F.3d at 786-87.
[8] *Chanu*, 40 F.4th at 535; Min. Entry, *Coscia*, No. 14-CR-441 (N.D. Ill. Oct. 1, 2014), ECF 4.